No. 32,117

E. T. Treu, *Appellant*, v. Olive Treu, *Appellee.*

(50 P. 2d 999)

Opinion filed November 9, 1935.

*W. L. Sayers,* of Hill City, and *C. L. Thompson,* of Hoxie, for the appellant.

*W. E. Mahin, D. P. Moyers,* both of Norton, *J. S. Parker* and *C. E. Birney,* both of Hill City, for the appellee.

The opinion of the court was delivered by

Burch, C. J.: The principal question in this case is whether testimony was improperly excluded, in the trial of a divorce case.

The issue in the case was conduct of defendant. Plaintiff produced testimony to establish the conduct, including proof of oral admissions by defendant of the conduct. Defendant was the first witness in her own behalf, and was examined and cross-examined. She testified the conduct did not occur, denied certain of the admissions, and explained away the others. She was asked nothing about any admissions she had made in writing, neither on direct examination nor cross-examination, and no other witness, whether for plaintiff or defendant, mentioned such a subject.

After twenty-four of defendant's twenty-six witnesses had given their testimony, and she was about to close her case, she was recalled for further cross-examination by plaintiff. At plaintiff's request, a document was marked by the court reporter "Plaintiff's Exhibit 1." It consisted of five pages of writing. On each page the

name of the witness was written. The witness was shown the names and was asked who wrote them. She said she did. The witness was then asked this question:

"Q. And on a page of this exhibit marked 'page No. 4' appears a statement not only about one time, but about different times that those things occurred—"

Objection to the question was interposed and was sustained. What was the purpose of the question?

Plaintiff's attorney took two positions. First, the testimony was offered to prove the conduct in issue, by defendant's admission of the conduct. Second, the testimony was offered to contradict defendant's testimony the conduct did not occur. In either event, an admission of conduct was involved.

It so happens we have a statute relating to reception in evidence in divorce cases of admissions of a party.

"Upon the trial of an action for a divorce, or for alimony, the court may admit proof of the admissions of the parties to be received in evidence, carefully excluding such as shall appear to have been obtained by connivance, fraud, coercion or other improper means." (R. S. 60-1508.)

Under this statute, it is not proper practice to receive, as a matter of course, what appears to be an admission, and leave the party to whom the admission is attributed to show lack of genuineness. The party offering the admission must preliminarily qualify the admission for reception in evidence. If this were not true, an admission framed by connivance would never be exposed. The character of the showing will vary according to circumstances, but the court must have fair assurance that what is tendered as an admission is sufficiently authentic to be received in evidence as an admission.

Plaintiff's attorney contended the testimony was prima facie admissible, presumably because the witness admitted her signatures appeared on the sheets of paper. That did not satisfy the statute, which raised the question, How were the signatures obtained?

The body of the document was not in the handwriting of the witness. So far as the record discloses, she had been shown signatures only, and she had not been asked if she knew the contents of the document. In response to a question by the court, the witness said she did not read the document before signing it. The attorney for defendant made a statement to the court. He had not seen the document. He had been informed by persons who had seen the document that it contained scurrilous matter. The document was written by a named individual who claimed he was a lawyer, and

who falsely represented he was from the attorney's office. The same person had previously been guilty of fabricating spurious confessions and obtaining signatures to them through deception and fraud, in a specified case within the knowledge of the court. The defendant denied the matter contained in the document. Therefore, the attorney requested that the named individual, whom plaintiff admitted was available for the purpose, be examined with respect to the transaction resulting in the signed document. The court said that if the individual were brought in and it should be disclosed how defendant's signatures to the sheets of paper were procured, the court might admit the proffered testimony.

Plaintiff did not pursue the course indicated by the statute and suggested by the court and, under the circumstances, plaintiff cannot complain that the witness was not permitted to answer the question propounded to her to prove the fact of conduct by admission.

Leaving the case open for proof of integrity of exhibit 1, the court sustained the objection to the particular question on the ground it was not cross-examination.

The question was, whether certain statements appeared on page 4 of some sheets of paper. The paper would have disclosed what it contained. Plaintiff's abstract does not show the document itself was ever offered in evidence, and excluded. It could not properly be offered until it was accounted for, and the paper could no more be used to contradict defendant's testimony than it could be used in plaintiff's case in chief. Therefore, in considering the propriety of the court's ruling, the paper, as containing an admission by defendant, must be left out of account.

The question did not call on defendant to account for existence of the paper. The witness had not been examined on the subject whether some paper contained some kind of statement. She had given no testimony relating to what the particular paper, or any other paper, contained on page 4, or any other page. She was not asked whether she made the statements contained in the document, and she was given no opportunity to affirm or deny making the statements, or truth of the statements. An affirmative answer to the question would contradict nothing she had previously said, and the question was not cross-examination.

The record does not show when the action was commenced. The trial occurred and judgment was rendered in September, 1933. The

appeal was set for hearing in this court on September 30, 1935. On June 14, 1935, a person who had been a witness at the trial made an affidavit stating that about the time the action was commenced he was in the office of defendant's attorney, and defendant, in his presence and in the presence of the attorney, made an admission. Without leave first obtained, this affidavit was filed in this court on September 27, 1935. Instead of moving to strike the affidavit from the files, as he might have done, the attorney for defendant met it with his own affidavit, stating what occurred in his office, and showing the statements concerning an admission of defendant contained in the affidavit of June 14, 1935, were untrue.

The affidavit of June 14, 1935, had no place in the files of this court. It merely served to continue in this court a fact controversy closed by the decision of the district court.

The matter of an allowance to defendant for support of herself and children has been adjusted between the parties, the matter of adjudication of property interests was reserved in the judgment appealed from, and there is nothing else in the case deserving comment.

The judgment of the district court is affirmed.

DAWSON, J., not sitting.